# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MICHAEL L. TYSON, SR.,         )
                               )
            Plaintiff,         )
                               )
vs.                            )   Case No. 13-1026-MLB-KGG
                               )
EIGHTEENTH JUDICIAL            )
DISTRICT COURT,                )
                               )
            Defendants.        )
_____)

## REPORT & RECOMMENDATION ON
## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES AND
## ORDER ON MOTION FOR APPOINTMENT OF COUNSEL

In conjunction with his federal court employment discrimination Complaint, Plaintiff Michael Tyson has filed a Motion to Proceed Without Prepayment of Fees (*IFP* Application, Doc. 3, sealed), with an accompanying Affidavit of Financial Status (Doc. 3-1, sealed).  He also has filed a Motion for Appointment of Counsel. (Doc. 4.)  Having reviewed Plaintiff's motions, as well as his Complaint (Doc. 1), the Court is prepared to rule.

**I.     Motion to Proceed *In Forma Pauperis***

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means.  28 U.S.C. § 1915(a).  In so doing, the court considers the affidavit of

financial status included with the application.  *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally,* **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  *See* **Patillo v. N. Am. Van Lines, Inc**., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In his supporting financial affidavit, Plaintiff indicates he is 49-years-old and married. (Doc. 3-1, at 1.)  He indicates that he provides financial support to his son, daughter-in-law, and their three children. (*Id*., at 2.)  Plaintiff is correct, however, that he is not legally required to do so.  As such, the Court will not consider this in the context of Plaintiff's *IFP* status.  Plaintiff is currently employed by Defendant making a reasonable monthly wage.  (*Id*.)  His wife is also employed and the Court will consider her income for purposes of this motion.

Plaintiff does not own a home, does own two automobiles, on which he makes monthly payments.  (*Id*., at 3, 4.)  He enumerates reasonable monthly

2

expenses including groceries, rent, utilities, insurance, and certain consumer debts. (*Id*., at 5-6.) He has never filed for bankruptcy. He indicates a significant amount of cash on hand. (*Id*., at 4.)

Considering all of the information contained in the financial affidavit, Plaintiff has not established that his access to the Courts would otherwise be seriously impaired if he is not granted *IFP* status. The monthly income earned by he and his wife exceed their monthly expenses by several hundred dollars. Further, as noted above, he has a significant amount of cash on hand. Plaintiff is not in the type of financial situation for which the *IFP* status was created. Under these circumstances, the undersigned Magistrate Judge **recommends** that Plaintiff's motion for *IFP* status be **DENIED**.[1]

## II.   Motion for Appointment of Counsel.

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without

---

[1] A United States Magistrate Judge, on a plaintiff's motion to proceed *in forma pauperis*, should issue a report and recommendation as to whether the plaintiff is entitled to IFP status, rather than denying motion outright, since denial would be the functional equivalent of involuntary dismissal. **Lister v. Department of Treasury**, 408 F.3d 1309, 1311-12 (10th Cir. 2005).

the aid of counsel.  *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII).  Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments.  The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time.  *Castner,* 979 F.2d at 1421.

Initially, the Court notes that Plaintiff has not diligently searched for counsel.  (*See* Doc. 4.)  Although Plaintiff has contacted four attorneys to discuss representation, the form motion provided by the Court clearly indicates that he is to contact at least six.  (*Id.*)  At times, prior to ruling on a request for counsel, the Court will require a plaintiff to contact additional attorneys.  for the reasons discussed below, however, the Court finds that to be unnecessary.

In regard to the second *Castner* factor, although the Court does not recommend that Plaintiff be granted *IFP* status, as discussed in § I, *above*, the Court does not necessarily find that Plaintiff could afford counsel.  As for the third *Castner* factor, the merits of Plaintiff's claims, the Court sees no specific concerns on the face of Plaintiff's federal court Complaint.  (Doc. 1.)

In considering the final *Castner* factor – Plaintiff's capacity to represent himself – the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts.  979 F.2d at 1422.  The Court notes that the factual and legal issues in this employment discrimination case are not unusually complex.  **Kayhill v. Unified Govern. of Wyandotte**, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex").

The Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* in Courts throughout the United States on any given day.  To the contrary, Plaintiff has shown his ability to represent himself through his navigation of the administrative charging process as well as the filing of his federal Court Complaint.  (*See generally*, Doc. 1.)  Further, although Plaintiff is not trained as an attorney, and while an attorney might present his case more effectively, this fact alone does not warrant appointment of counsel.

The Court therefore finds that Plaintiff appears to be an articulate individual with the ability to gather and present facts crucial to his case.  As such, his Motion to Appoint Counsel is **DENIED**.

**IT IS THEREFORE RECOMMENDED** to the District Court that Plaintiff's motion for *IFP* status (Doc. 3, sealed) be **DENIED**.

**IT IS ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 4) is **DENIED**.

**IT IS THEREFORE ORDERED** that a copy of the recommendation shall be sent to Plaintiff *via* certified mail.  Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have **14 (fourteen) days** after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, his written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge.  Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 24th day of January, 2013.

/S  KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge